UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LISA ARNETT-LANGLEY,

    Plaintiff,                                      CIVIL ACTION NO. 13-13611

   v.

                                              DISTRICT JUDGE DAVID M. LAWSON
                                              MAGISTRATE JUDGE CHARLES E. BINDER
COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

Plaintiff's Motion for Summary Judgment should be **DENIED**, and that of Defendant **GRANTED**, as there was substantial evidence on the record that claimant retained the residual functional capacity for a limited range of sedentary work.

**II.    REPORT**

    **A.  Introduction and Procedural History**

Plaintiff filed an application for Social Security disability income benefits on September 20, 2010, alleging that she had been disabled and unable to work since September 30, 2009, at age 43, due to left leg and back pain, depression and generalized anxiety. Benefits were initially denied by the Social Security Administration. A requested de novo

hearing was held on November 16, 2011, before Administrative Law Judge (ALJ) Theodore Kennedy. The ALJ subsequently found that the claimant was not entitled to disability benefits because she retained the ability to perform a limited range of sedentary work. The Law Judge restricted claimant from jobs that exposed her to unprotected heights or moving machinery. She could only occasionally use her left leg to operate foot controls, and was unable to climb ladders, ropes or scaffolds. She could not frequently balance without wearing a brace. She was further limited in her ability to understand, remember and carry out complex instructions, and could only interact with supervisors, co-workers and the public on a brief and superficial basis. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits. The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Claimant was 46 years old at the time of the administrative hearing (TR 84). She had earned a Master's Degree in psychology, and had been employed as a psychologist during the relevant past (TR 96). Claimant alleged that she was disabled since September 2009, in part, due to severe arthritic hand pain (TR 97). She fractured her left tibia and ankle in 2010, and allegedly needed to use a brace when walking the few blocks to the store and back (TR 99-101). Pain medications provided only temporary relief (TR 101-102). Plaintiff also suffered from low back pain. Despite physical therapy and the frequent use of a TENS unit, claimant estimated that she could lift just five pounds at a time, stand for five minutes, and walk about thirty feet (TR 102-103, 115).

Claimant testified that she had panic attacks several times a week lasting upwards of 40 minutes (TR 105). She also successfully completed a detoxification program in 2010 to treat alcohol abuse (TR 105-06). Plaintiff allegedly had an impaired memory, but she remembered to timely take her pain medications and anti-depressants (TR 113). She cooked simple meals and did small loads of laundry (TR 101, 110-111). Plaintiff relied on her son to run the vacuum cleaner and take out the garbage (TR 110-111).

A Vocational Expert (VE), Dian Haller, classified Plaintiff's past work as sedentary skilled activity (TR 119-120). The witness explained that there would not be any jobs for claimant to perform if her testimony were fully accepted[1] (TR 123). If she were capable of sedentary work, however, there were numerous unskilled bench assembly, inspection, sorting and packaging jobs that she could still perform with minimal vocational adjustment (TR 121-123). These jobs did not expose her to unprotected heights or moving machinery. She would only have to occasionally use her left leg to operate foot controls. There was no need to climb ladders, ropes or scaffolds. She would be allowed to use a cane and wear a leg brace while working. Claimant could understand, remember and carry out simple instructions. There would only be occasional interaction with supervisors, co-workers and the public (TR 120).

### B.     ALJ's Findings

---

[1] The witness opined that Plaintiff's alleged need to be in a reclined position for extended periods to help reliever her joint pain would preclude work activity (TR 78).

The Administrative Law Judge found that Plaintiff was impaired as a result of left tibia and fibula fractures requiring a leg brace, mild multi-level degenerative changes of the lumbosacral spine, and an adjustment reaction with a disturbance of mood, depression and anxiety. Claimant did not have an impairment or combination of impairments severe enough to meet or equal the Listing of Impairments. Nevertheless, the ALJ determined that Plaintiff remained capable of performing a range of sedentary work that would not expose her to unprotected heights, moving machinery, climbing ladders or the frequent use of her left leg to operate foot controls. She was further limited to jobs where she would only have to remember, understand, and carry out simple instructions while performing tasks with no more than occasional interaction with supervisors, the public or co-workers. The ALJ found that Plaintiff retained the residual functional capacity to perform a significant number of sedentary jobs, within those limitations, as identified by the Vocational Expert (TR 78-86).

### C.  **Standard of Review**

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether her findings are supported by substantial evidence and whether she employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of

credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if even substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

Plaintiff maintains that substantial evidence does not exist on the record that she remains capable of performing a limited range of sedentary work activity. She also argues that the ALJ improperly discounted her allegations of disabling functional limitations, given the medical evidence of record. Defendant counters that the claimant retains the residual functional capacity for a reduced range of sedentary work because the objective clinical evidence of record did not confirm the disabling nature of her joint pain or mental difficulties.

### D.     Discussion and Analysis

After review of the record, I suggest that there is substantial evidence on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional

5

capacity for a restricted range of sedentary work. The medical evidence, as a whole, fails to provide objective support for claimant's allegations of severe and totally disabling functional limitations stemming from her back and hand pain, depression or anxiety.

The medical evidence of record reveals that the claimant successfully recovered from her left leg and ankle fractures. As noted by the ALJ, Plaintiff was able to walk within 12 months of her bicycle accident without gait disturbance (TR 79, 735-736, 784). She was only 20 percent partial weight-bearing in January 2011, but was able to bear full weight two months later (TR 82, 700, 790). Mild degenerative changes in her lumbar spine did not result in nerve root compression or other abnormalities resulting in an inability to ambulate effectively (TR 79). A July 2011 MRI study of the lumbar spine indicated no focal disc herniation or foraminal stenosis (TR 741). By September 2011, claimant demonstrated improved ankle range of motion. Straight leg testing was negative (TR 790). According to one treating doctor, nerve block injections helped relieve her joint pain (TR 787).

While Plaintiff contends that she experienced disabling pain due to carpal tunnel syndrome, numerous physical examinations throughout the record indicated no carpal tunnel-related limitations (TR 310, 321, 343, 347, 376-377, 382, 390, 602). The ALJ properly discounted Plaintiff's allegations of debilitating back, left leg and hand symptoms because they conflicted with her reported activities. As the ALJ noted, the claimant could perform some light household chores, prepare meals, do small loads of laundry and walk to and from a neighborhood store (TR 101, 110-111). Although she testified that she could perform these activities with breaks and the help from family members, I suggest that the

ALJ reasonably concluded that they conflicted with her alleged inability to do anything with her hands and arms.  Further, despite allegations of frequent headaches, Plaintiff did not report this problem to her neurologist or other examining physicians (TR 720-722, 787, 790).  The ALJ also noted that Plaintiff denied needing to take naps during the day (TR 83, 114).

Substantial evidence also supports the ALJ's conclusion that the claimant did not suffer from disabling depression or anxiety. Consultative psychologists Julia Czarnecki, LLP and Nick Boneff, Ph.D., reported in February 2011, that Plaintiff was oriented, logical, and goal-directed (TR 708). On examination, the evaluators noted no significant psychiatric symptoms, disturbance of thought, or problems with concentration or attention that would affect the ability to perform work at a sustained pace (TR 707).  The psychologists noted that the claimant had herself been employed as a clinical psychologist until September 2009, when she felt unable to keep up with a heavy case load.  She also had trouble getting along with her boss (TR 706). Plaintiff denied having any difficulty keeping up with basic activities of daily living and grooming (TR 708).   Claimant testified that she could read and follow verbal step-by-step instructions (TR 108).

I further suggest that there is no objective medical evidence suggesting that she suffered severe side effects from pain medications, or that she needed to rest frequently throughout the day. The ALJ also took into consideration claimant's objectively proven functional limitations by restricting her to simple, routine jobs that did not require frequent climbing, exposure to unprotected heights, or having much interaction with supervisors, co-workers and the general public.

It is the rare case, indeed the exception, in which every piece of evidence points incontrovertibly toward a decision to deny benefits. There was evidence in the record which, taken in isolation, might suggest that the Plaintiff was totally disabled and that her testimony was fully credible. However, special deference is owed to the credibility findings of the ALJ, who was the only one who had the opportunity to observe the demeanor of the witness, evaluate what was said and how it was said, and to consider how that testimony fit in with the rest of the medical evidence. Such observation is invaluable and should not be discarded lightly. Beavers v. Secretary, 577 F.2d 383 (6th Cir. 1978). See also Williamson v. Secretary, 796 F.2d 146, 150 (6th Cir. 1986).

By establishing that she could not return to her past relevant work, the Plaintiff here effectively shifted to the Commissioner the burden of proving that she had the vocational qualifications to perform alternative jobs in the economy, notwithstanding her various impairments . The Commissioner, however, met her burden of proving the existence of jobs which accommodated claimant's known restrictions. In response to a hypothetical question that took into consideration claimant's educational and vocational background, along with her significant impairments[2], the Vocational Expert testified that there were numerous

---

[2]The Administrative Law Judge's hypothetical questions to the Vocational Expert (VE) accurately described Plaintiff's moderate limitations caused by her joint pain and emotional difficulties. The ALJ reasonably determined that claimant's on-going joint discomfort limited her to jobs that did not involve frequent climbing, or doing any overhead lifting. She was also limited to simple tasks that did not require complex thinking to accommodate her mental problems (TR 21). The Sixth Circuit has held that hypothetical questions to experts are not required to included lists of claimant's medical conditions. Webb v. Commissioner, 368 F.3d 629, 633 (6th Cir. 2004). Under these circumstances, the ALJ's hypothetical question accurately portrayed Plaintiff's impairments.

unskilled bench assembly, inspection, sorting and packaging jobs that she could still perform with minimal vocational adjustment (TR 121-123).  These jobs did not expose her to unprotected heights or moving machinery.  She would only have to occasionally use her left leg to operate foot controls.  There was no need to climb ladders, ropes or scaffolds.  She would be allowed to use a cane and wear a leg brace while working.  She only had to understand, remember and carry out simple instructions.  There would just be occasional interaction with supervisors, co-workers and the public (TR 120).  Given the objective clinical findings of the examining physicians of record during the relevant period, I conclude that substantial evidence exists on the record that Plaintiff retained the residual functional capacity for a restricted range of sedentary work activity.

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise.  Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

 **III.   REVIEW**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal.  United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991).   Filing of objections which raise some issues but fail to raise others with

specificity, will not preserve all the objections a party might have to this Report and Recommendation.  <u>Smith v. Detroit Fed'n of Teachers Local 231</u>, 829 F.2d 1370, 1373 (6th Cir. 1987), <u>Willis v. Secretary of HHS</u>, 931 F.2d 390, 401 (6th Cir. 1991).  Pursuant to Rule 72.1 (d)(2) of the <u>Local Rules of the United States District Court for the Eastern District of Michigan</u>, a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                                       s/ Charles E Binder
                                                 CHARLES E. BINDER
Dated: October 29, 2014                       United States Magistrate Judge